**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **JESSICA NICHOLS, et al.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| *v.* | § | **CASE NO. 6:24-CV-00429-ADA-DTG** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| *Defendant,* | § | |

**REPORT & RECOMMENDATION TO DENY-IN-PART**
**AND GRANT-IN-PART MOTION TO DISMISS (DKT. NO. 12)**

**TO:  THE HONORABLE ALAN D ALBRIGHT,**
**UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P.  72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is the defendant's motion to dismiss for lack of subject matter jurisdiction (Dkt. No. 12). The motion has been fully briefed, and on April 16, 2026, the Court heard arguments from the parties. *See* Dkt. Nos. 18, 20, & 29. After careful consideration of the briefs, arguments, and the applicable law, the Court **RECOMMENDS** that the defendant's motion to dismiss (Dkt. No. 12) be **DENIED**.

## I.  BACKGROUND

This is a Federal Tort Claims Act ("FTCA") case brought by the plaintiffs, Jessica Nichols, individually and as next friend to J.A., a minor, and Gabryelle Daniels, individually and as next friend to D.D., a minor, against the defendant, United States of America. Dkt. No. 9.  The

plaintiffs allege that the defendant, through the Department of the Army, was negligent in responding to a known serial child predator in its ranks—former soldier Rashad Parkinson. The plaintiffs contend that the Army knew of sexual assault allegations against Parkinson as early as 2019 and had interviewed and polygraphed him in connection with some of those allegations in 2020. *Id*. ¶¶ 67–68. They further contend that the Army was involved with an interview of Parkinson by local law enforcement, who arrested and released Parkinson days before he sexually assaulted plaintiff J.A. and weeks before he assaulted plaintiff D.D. *Id*. ¶¶ 70–74. They contend that Parkinson assaulted up to 120 victims, many of whom the Army failed to investigate or report to local law enforcement. *Id.* ¶ 78. The plaintiffs contend that these failures proximately caused the sexual assaults of the two minor plaintiffs. *Id.* ¶¶ 112–16.

Based on that conduct, the plaintiffs assert a single negligence cause of action against the Army for negligence per se and negligent undertaking. *Id.* ¶¶ 106–11. The plaintiffs contend that the Army voluntarily undertook the duty to thoroughly and impartially investigate claims of sexual assault and coordinate with local law enforcement. *Id.* ¶¶ 81–84, 107–11 (citing Rules for Courts-Martial, June 2015, at Rule 303; Army Regulation 195-2, 21 July 2020, at para 1-6). They contend that despite knowing of multiple sexual assault allegations, the Army failed to confine Parkinson to post as required by regulations. *Id*. ¶ 85, 86 (citing Rules for Courts-Martial, June 2015, Rules 304 & 305). The plaintiffs also allege that the Army failed to have memorandums of understanding or agreement with local law enforcement and failed to report suspected sexual abuse of a child as required by federal and state law. *Id*. ¶¶ 96–98, 100 (citing 34 U.S.C. § 20341(a); Texas Family Code § 261.101 *et seq*.; AR-600-20, Chapter 7). They further allege that the Army negligently failed to comply with several additional regulations that would have prevented the plaintiffs' from being sexually assaulted. *Id*. ¶¶ 101–03, 105 (citing AR-600-8-2;

AR 608-18 The Army Family Advocacy Program; and III Corps and Fort Hood Commanding General's Policy Letter #3, dated June 5, 2019; Manual for Courts-Martial United States, Army Regulation 195-2 (including but not limited to Chapter 7-2 implementing DoDD 6495.01, DoDI 5505.18, DoDI 6400.07 and DoDI 6495.02)). The plaintiffs allege that the failure of the Army to appropriately and timely follow these rules, regulations, and laws after first learning of a sexual assault by Parkinson in 2019 proximately caused the plaintiffs' sexual assaults in 2021. *Id*. ¶¶ 112–116.

The defendant argues that plaintiffs' claims should be dismissed for lack of jurisdiction pursuant to Rule 12(b)(1) because they implicate multiple exceptions to the Federal Tort Claims Act's limited wavier of sovereign immunity. Dkt. No. 12 at 1–5. First, the defendant contends that the plaintiffs' claims are barred by the intentional tort exception. Dkt. No. 12 at 6. Under that exception, the Federal Torts Claims Act's waiver of sovereign immunity does not apply to claims that arise out of assault, misrepresentations, or other intentional conduct. *Id*. Next, the Army contends that the plaintiffs' claims are barred by the discretionary function exception. *Id*. at 11. This exception bars claims that involve the performance or failure to perform a discretionary function. *Id*. at 12. Finally, the Army contends that Texas law would not impose liability on a private individual under similar circumstances and that Texas law does not require notifying third parties of pending sexual assault investigation. *Id*. at 16–20.

## II.  ANALYSIS

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject-matter jurisdiction of the district court to hear a case. Fed. R. Civ. P. 12(b)(1). The burden of proving jurisdiction in response to a motion under Rule 12(b)(1) rests with the plaintiffs. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *McDaniel*

*v. United States*, 899 F.Supp. 305, 307 (E.D. Tex. 1995)). "A motion to dismiss for lack of subject-matter jurisdiction should only be granted if it appears certain that the plaintiff cannot prove any set of facts in support of his claims entitling him to relief." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 287 (5th Cir. 2012).

The Court does not have jurisdiction over suits against the United States absent an express waiver of sovereign immunity such as that provided by the Federal Tort Claims Act. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The Federal Tort Claims Act waives sovereign immunity for injuries: "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). This is a limited waiver that "should be narrowly-construed in favor of the United States." *Leleux v. United States*, 178 F.3d 750, 754 (5th Cir.1999) (citations omitted). This waiver has been expressly limited to exclude "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h). The defendant's motion is based on these provisions.

## A.    Intentional Torts Exception

The Army first moves to dismiss this case under the intentional tort exception to the waiver of sovereign immunity. Dkt. No. 12 at 6. The Army argues that any "claims for negligent supervision, negligent undertaking, negligent misrepresentation, and any other negligence claims arising out of the alleged sexual assaults" are barred as the exception prevents waiver of sovereign immunity. Dkt. No. 12 at 6 (citing 28 U.S.C. § 2680(h)). The Army relies primarily on

*Leleux v. United States*. 178 F.3d 750 (5th Cir. 1999). Based on *Leleux*, the Army contends that because the plaintiffs' claims are based on Parkinson's sexual assault of them and on his employment relationship with the Army, the claims are barred. Dkt. No. 12 at 7–8. The defendant also relies on Justice Kennedy's concurrence in the plurality opinion of *Sheridan v. United States* to contend that an additional basis for applying the intentional tort exception is that all the plaintiffs' claims are based on Parkinson's employment relationship with the Army. *Id*. at 8 (citing *Sheridan v. United States*, 487 U.S. 392, 406–08 (1988) (Kennedy, J. concurring in the judgment)). In support of this claim, the defendant points to allegations that Parkinson's sexual assault of the plaintiffs happened while he was stationed at Fort Hood and the plaintiff's failure to identify any independent duty aside from Parkinson's service in the Army.

The plaintiffs contend that the intentional tort exception does not apply because their claims are independent of Parkinson's status as a soldier. Dkt. No. 18 at 21. The plaintiffs' response recounts regulations and rules that the Army voluntarily adopted to combat sexual assault. The plaintiff contends that the Army voluntarily adopted these rules and regulations to address sexual assault and child abuse such as that at issue here. *Id*. The regulations identified in the plaintiff's response are the Army Regulation 600-20 at Chapter 7 (the SHARP Program), specifically section 7-5(f), which requires immediate investigation of all reports of sexual assault and "adequate staffing of the sexual assault investigator and the special victim capability throughout the Army." *Id*. at 7 nn.4-15, 8-9, 12-15 (citing Chapter 7-5(d) requiring Memorandums of Agreement or Memorandums of Understanding with local law enforcement, Army Regulation A.R. 195-2, Fort Hood Commanding General's Policy Letter #3 regarding

SHARP and Special Victims Counsel (SVC), and Rules for Courts-Martial Rule 303).[1] The plaintiffs contend that these rules and regulations are voluntary undertakings by the Army that are completely independent of Parkinson's servicemember status. *Id*. at 21. The plaintiffs contend that this brings their allegations in line with *Sheridan v. United States*, 487 U.S. 392 (1988) and *Kristensen v. United States*, 372 F. Supp. 3d 461 (W.D. Tex. 2019). They also contend that these voluntary undertakings the allegations in the First Amended Complaint from the allegations in *Leleux*. *Id*. at 21-22.

The intentional tort exception prevents waiver of sovereign immunity when the accused conduct is based on the tortfeasor's employment relationship with the government, but it does not prevent waiver when the duty is independent of the tortfeasor's employment status. The intentional tort exception is codified in 28 U.S.C. § 2680(h), which states, "[t]he provisions of this chapter and section 1346(b) of this title shall not apply to—**(h)** Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights . . . ." As noted by the defendant, a plurality opinion from the Supreme Court has described this exception extremely broadly. *United States v. Shearer*, 473 U.S. 52, 55 (1985) (affirming summary judgment under the intentional tort exception when the Army failed to prevent one service member from kidnapping and killing another servicemember). The Supreme Court clarified that holding, however, when it found that voluntary adoption of regulations and attempting to control a dangerous person could give rise to a duty independent of and not barred by the intentional tort exception. *Sheridan v. United States*, 487 U.S. 392 (1988) (reversing a motion to dismiss that

---

[1] The plaintiffs' response also relied on the Army Family Advocacy Program (FAP), Army Regulation 608–18, but withdrew its reliance on that program at the hearing.

was granted under the intentional tort exception because of a voluntarily adopted regulation prohibiting firearms on base and requiring personnel to report any firearms, combined with an unsuccessful attempting to subdue an armed, drunken service member created a duty independent of employment status). The Fifth Circuit and other circuits have followed this reasoning and barred claims that are based on the tortfeasor's employment status but permitted claims that are independent of employment status. *See Leleux*, 178 F.3d at 758–59 (affirming a motion to dismiss under the intentional tort exception based on allegations of a failure to prevent a Navy recruiter from infecting a potential recruit with a sexually transmitted disease in the absence of any independent duty); *Bodin v. Vagshenian M.D.*, 462 F.3d 481, 489–91 (5th Cir. 2006) (reversing a dismissal following a bench trial because Texas law imposed independent duties on hospitals to safeguard patients and to protect invitees from foreseeable assaults); *see also Kristensen*, 372 F. Supp. 3d at 469; *Wilburn v. United States*, 616 F.App'x. 848, 859 (6th Cir. 2015). Thus, any claims by the plaintiffs that are based on independent duties—indulging all reasonable inferences in favor of the plaintiffs as a motion on the pleadings requires—are not barred by the intentional tort exception.

As discussed in *Kristensen*, Texas law, a duty exists and a party may be liable for negligently performing a voluntary undertaking. *Kristensen*, 372 F. Supp. 3d at 469 (citing *Torrington v. Stutzman*, 46 S.W.3d 829, 838–39 (Tex. 2000)). Such an independent duty applies when three factors are shown. First, "the [d]efendant undertook to perform services that it should have known were necessary for the protection of the Plaintiffs." *Id*. Second, that the "[d]efendant failed to exercise reasonable care in performing those services." Third, that the plaintiff either "relied upon [the d]efendant's performance; or [the d]efendant's performance increased [the p]laintiff's risk of harm." *Id*. (citing *Torrington*, 46 S.W.3d at 838–39 and Restatement 2d of

Torts §§ 323, 324A (1965)). The plaintiffs point to several rules and regulations that they contend were voluntary undertakings by the defendant to investigate sexual assaults. Dkt. No. 9 ¶¶ 31, 32, 85, 86, 100–01, 103, 105; Dkt. No. 18 at 8–9. They further contend that the defendant was aware of sexual assaults by Parkinson before the plaintiffs were assaulted and that the defendant even polygraphed Parkinson as part of its investigation of those earlier assaults. Dkt No. 9 ¶ 68. They contend, however, that the Parkinson had up to 120 victims, and the Army only investigated very few. *See id.* ¶¶ 77–78. As the plaintiffs explained at the hearing, based on the volume of victims, Parkinson's continued sexual assault of minors including the plaintiffs, it is a reasonable inference at the pleading stage that the defendant failed to exercise reasonable care during those investigations, failed to comply with its voluntarily undertaken requirements to investigate sexual assaults—including communicating with local law enforcement—and that those failures increased the plaintiffs' risk of being sexually assaulted.

Contrary to the defendant's assertion, the rules and regulations identified by the plaintiffs do not limit the duty to investigate sexual assaults to only those sexual assaults committed by servicemembers. *See* Dkt. No. 20 at 2–3 (contending that the Army regulations only apply because of Parkinson's status as a soldier); Dkt. No. 18-1 at 3–19 (Army Regulation 600-20 at Chapter 7), 45–67 (Army Regulations Army Regulation A.R. 195-2), 68–75 (Fort Hood Commanding General's Policy Letter #3). Rather, the rules and regulations cited by the plaintiff apply generally to any sexual assault and require coordination with local civilian law enforcement personnel. *See* Dkt. No. 18 at 7–9. The rules and regulations identified in the plaintiffs' First Amended Complaint and their response to the motion to dismiss demonstrate that the defendant voluntarily undertook a duty to investigate sexual assaults and coordinate with civilian law enforcement regardless of whether the assailant was a servicemember. Bearing in

mind the standard applicable at the pleading stage and indulging all reasonable inferences in the plaintiffs' favor, the undersigned is persuaded that the plaintiffs have alleged sufficient facts to support the negligent performance of a duty voluntarily undertaken by the defendant and independent of Parkinson's status as a servicemember. For that reason, the undersigned recommends that the defendant's motion to dismiss based on the intentional tort exception be **DENIED**.

### B.    The Misrepresentations Exception

The defendant next argues that the plaintiffs' failure-to-warn claims are barred by the misrepresentation exception. It contends that several allegations in support of the plaintiffs' negligence claims are based on an alleged failure to communicate information. Dkt. No. 12 at 8–9. The defendant contends that the plaintiffs' failure-to-warn claims and negligent undertaking claims are based on a failure to communicate information not a failure to perform an operational task and are therefore barred by the misrepresentation exception to the waiver of sovereign immunity. *Id*. at 10–11. The defendant does not address this defense in its reply. *See* Dkt. No. 20.

The plaintiffs dispute the applicability of this exception in two ways. First, the plaintiffs' note that every alleged misrepresentation is not a cause of action but an alleged factual example of the defendant's failure to communicate with commanding officers or local authorities. Dkt. No. 18 at 22. There is no alleged reliance on any of these communications as required under Fifth Circuit authority. *Id*. at 23 (citing *Saraw P'ship v. United States*, 67 F.3d 567, 571 (5th Cir. 1995)). Second, the plaintiffs contend that any alleged misrepresentation is collateral to the harm caused by the defendant's failure to adequately investigate sexual assaults by Parkinson. *Id*. at 24.

As noted above, the waiver of sovereign immunity does not apply to claims arising out of a government employee's misrepresentation or deceit. 28 U.S.C. § 2680(h). This exclusion encompasses claims for negligent as well as intentional misrepresentations. *McNeily v. United States*, 6 F.3d 343, 347 (5th Cir. 1993). It also covers both affirmative acts of misrepresentation and omissions of material fact. *Id.*

Application of the misrepresentation exception requires a two-step analysis. First, the Court evaluates "whether 'the chain of causation' from the alleged negligence to the injury depends upon a misrepresentation by a government agent." *In re FEMA Trailer Formaldehyde Prod. Liab. Litig. (La. Plaintiffs)*, 713 F.3d 807, 811–12 (5th Cir. 2013) (per curiam) (quoting *Life Partners Inc.*, 650 F.3d at 1032). If the claim meets step one, the Court asks, "whether Congress has nonetheless waived sovereign immunity independently of the FTCA." *Life Partners Inc.*, 650 F.3d at 1032 (quoting *Com. Union Ins. Co. v. United States*, 928 F.2d 176, 179 (5th Cir. 1991)). The purpose of this analysis is to determine where the gravamen of the plaintiffs' claims is the negligent performance of an operational task or the communication of misinformation. *Morris v. United States*, No. 24-40576, 2026 WL 1379102, at *6 (5th Cir. May 18, 2026) (citing *Block*, 460 U.S. at 296).

The undersigned is persuaded that the allegations in the plaintiffs' complaint fall outside the misrepresentation exception to the waiver of sovereign immunity. The gravamen of the plaintiffs' complaint—as more clearly articulated at the hearing—is that despite knowledge of multiple alleged sexual assaults, the defendant failed to investigate Parkinson as required by the cited rules and regulations, and that failure increased the plaintiffs' risk of harm. Dkt. No. 18 at 24. As noted in the plaintiffs' response, the failure to communicate allegations are collateral to its main allegation of negligently performing a voluntary undertaking. *Id.*

### C.    The Discretionary Function Exception

The defendant also moves for dismissal under the discretionary function exception to the waiver of sovereign immunity. Dkt. No. 12 at 11–16. It contends that the allegations about the defendant's failure to restrict Parkinson's movement fall under this exception. *Id*. at 14–16 (citing Dkt. No. 9 ¶¶ 85-86, 114). It contends that such allegations and any claims based on them fall squarely within the discretionary function exception because it is a decision about whether to prosecute someone. *Id*. at 14 (citing *Berkovitz v. United States*, 486 U.S. 531, 536-37 (1988)).

In response, the plaintiffs contend that their claims are not based on allegations of negligent prosecution, but rather on the defendant's failure to perform its voluntary undertaking in a reasonable manner. Dkt. No. 18 at 24–25. The plaintiffs contend that the defendant voluntarily undertook the duty to investigate allegations of sexual assault, but it failed to "investigate known incidents of child sexual abuse by Parkinson." *Id.* at 25. The plaintiffs additionally allege that any investigations that did occur failed to comply with non-discretionary regulations and orders. *Id*. at 25. The plaintiffs argue that under existing law, their claims avoid the discretionary function test. *Id*. at 25 n.32 (citing *Johnson v. Sawyer*, 980 F.2d 1490, 1502 (5th Cir. 1992), *vacated on other grounds*, 47 F.3d 716 (5th Cir. 1995)).

The defendant replied by identifying three alleged shortcomings in the plaintiffs' claims. First, it alleges that the plaintiffs filed to identify any non-discretionary mandates, because the mandates identified by the plaintiffs provide services only to service members and their families, which the plaintiffs are not. Dkt. No. 20 at 4. The defendant also contends that for the regulations and orders that require all sexual assaults to be investigated, the plaintiffs failed to identify any such allegations of sexual assault. *Id*. at 4–5. Any complaints about the quality of an

investigation, the defendant contends, fall squarely within the discretionary function exception. *Id*. at 5.

The discretionary function exception is a limited exception to the waiver of sovereign immunity. It bars:

> "[a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."

28 U.S.C. § 2680(a). The exception covers only acts that are discretionary in nature—acts that involve an element of judgment or choice. *United States v. Gaubert*, 499 U.S. 315, 322 (1991).

The Fifth Circuit has applied a two-part test to determine whether government officials' actions fall within the discretionary function exception. *Campos v. United States*, 888 F.3d 724, 731 (5th Cir. 2018). First, the government actor's conduct must involve "an element of judgment or choice." *Morris*, No. 24-40576, 2026 WL 1379102, at * 8 (citing *Berkovitz,* 486 U.S. at 536). Second, the "conduct must be 'of the kind that the discretionary function exception was designed to shield.'" *Id*. (citing *Barron v. United States*, 31 F.4th 347, 349–50 (5th Cir. 2022)). This second part focuses on "whether the officer's decision was 'susceptible to policy analysis.'" *Id*. (citing *Spotts v. United States*, 613 F.3d 559, 572 (5th 2010)).

The undersigned is persuaded that the discretionary function exception does not bar the plaintiffs' claims at the pleading stage. The plaintiffs have identified regulations that require personnel to investigate every sexual assault allegation, establish memorandums of understanding with local law enforcement, and communicate allegations about sexual assaults to local law enforcement. Dkt. No. 18 at 10–11, 15–17 (citing Dkt. No. 9 ¶¶ 79–96, 99–105, 107–11). The plaintiffs also allege that the defendant failed to investigate allegations of sexual assault

and to properly perform the investigations it undertook. *Id*. at 11–12. As they argued at the hearing, without the benefit of discovery the plaintiffs could not identify a specific sexual assault that the defendant failed to investigate, but based on the over 120 potential sexual assaults and the defendant's knowledge of some sexual assaults occurring as early as 2019, there is a reasonable inferences that among those 120, there were some sexual assaults that were reported and not investigated. Dkt. No. 9 ¶¶ 1, 8. The undersigned finds that this is the type of reasonable inference that may be indulged in at the pleading stage. Further, without the benefit of discovery, the undersigned is unable to determine whether the actions taken in furtherance of the investigations that occurred would satisfy the second part of the test for applying the discretionary function exception. For those reasons, the undersigned is persuaded that the defendant's motion to dismiss based on the discretionary function exception should be **DENIED**.

**D.    Would a Private Person be Liable Under Texas Law**

In addition to the above arguments, the defendant contends that the plaintiffs are barred because Texas law does not impose a duty to report on private persons. Dkt. No. 12 at 16–19. The defendant points to the plaintiffs' allegations of negligence and negligence per se based on a failure to report. *Id*. at 17 (citing Dkt. No. 9 ¶¶ 97-98, 106). It contends, however, that there is no federal or state cause of action based on a failure to report under federal or state law. *Id*. The defendant contends that the federal statute, 34 U.S.C. § 20341, cannot support liability for failure to report. *Id*. (citing *Johnson*, 47 F.3d at 727). The defendant contends that the plaintiffs' reliance on the Texas Family Code § 261.101, is ineffective because it has been held to not support negligence per se or negligence claims. Dkt. No. 18 at 19 (citing *Doe v. Cath. Soc. of Religious & Literary Educ.*, No. CIV.A. H-09-1059, 2010 WL 345926, at *13 (S.D. Tex. Jan. 22, 2010) (citing *Perry v. S.N.*, 973 S.W.2d 301 (Tex. 1998)).

The plaintiffs dispute both arguments. They contend that the defendant relies on the wrong portion of the Texas Family Code. The plaintiffs argue that Texas Family Code § 261.101(b) has been found to support negligence per se liability. Dkt. No. 20 at 18-19 (citing *Arevalo-Rivas v. Austin Independent School Dist.*, 2015 WL 7161995, *5 FN2 (W.D. Tex. 2015). They contend that 34 U.S.C. § 20341 is an analogous federal law that requires federal law enforcement to report allegations or suspicion of child sexual assault. *Id*. at 19-20. Together, they contend the statutes support negligence and negligence per se.

The defendant replies by citing cases that contradict the plaintiffs claim and focus on the negligence per se allegations. The defendant quotes a Southern District of Texas case that forecloses reliance on the Texas Family Code for existence of a negligence per se claim. Dkt. No. 20 at 7 (citing *Doe v. Cath. Soc. of Religious & Literary Educ.*, No. CIV.A. H-09-1059, 2010 WL 345926, at *13 (S.D. Tex. Jan. 22, 2010)). The defendant's entire reply focuses on the plaintiffs' negligence per se arguments without addressing how the statute would affect a negligence claim. *See id*.

The undersigned is persuaded that the Texas Family Code alone does not support a negligence per se claim or a general negligence claim. Affirming a grant of summary judgment, the Texas Supreme Court specifically refused to find that the Texas Family Code supported a negligence per se claim against third parties who failed to report suspected child abuse at a day care. *Perry*, 973 S.W.2d at 309. It specifically declined to decide whether the Texas Family Code supported a negligence claim. *Id*.; *see also Cath. Soc. of Religious & Literary Educ.*, 2010 WL 345962, *13 (holding that *Perry* forecloses a negligence per se claim and the court's *Erie* guess forecloses a common law duty to report child abuse). In *Arevelo-Rivas*, which is relied on by the plaintiffs, a failure to report a claim against a school district for sexual assault committed by a

bus driver was dismissed at the pleading stage based on grounds unrelated to the Texas Family Code. Case No. A-15-CV-430-LY, 2015 WL 7161995, at *5. The discussion of the Texas Family Code that the plaintiffs rely on is dicta contained in a footnote, which the undersigned finds unpersuasive. *Id*. n.2. The plaintiffs have not identified any cases that impose negligence per se liability under either the Texas Family Code or the federal statute, and the undersigned is unable to identify any such cases. Based on *Perry* and *Doe*, the undersigned is persuaded that neither statute—state or federal—supports a negligence per se claim against the defendant and that Texas law does not impose a general duty to report suspected sexual assault. As the plaintiffs have properly asserted a negligence claim based on negligent undertaking, the undersigned recommends that only the plaintiffs' negligence per se claims be **DISMISSED** and that portion of the defendant's motion be **GRANTED**.

### III.  RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that the Defendant's Motion to Dismiss (Dkt. No. 12) be **DENIED-IN-PART** as to the negligence claim based on a negligent undertaking and be **GRANTED-IN-PART** as to the plaintiffs' negligence per se claim.

### IV.  OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the

Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1428–29.

**SIGNED** this 10th day of June, 2026.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE