## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| JESSICA NICHOLS, Individually and as Next Friend of J.A., a Minor, and GABRYELLE DANIELS, Individually and as Next Friend of D.D., a Minor,<br><br>PLAINTIFFS<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>DEFENDANT | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No.  6:24-CV-00429-ADA-DTG |

### AGREED CONFIDENTIALITY AND PROTECTIVE ORDER

Upon motion of all the parties for a Confidentiality and Protective Order, IT IS HEREBY ORDERED that:

1.     The Agreed Protocol Governing the Production of Electronically Stored Information ("ESI") is attached hereto as Exhibit A and the terms thereof are incorporated by reference. To the extent that the terms of this Order are inconsistent with Exhibit A, the terms of the latter shall control. The terms of both this Order and Exhibit A, which is incorporated herein, are enforceable by this Court.

2.     "Classified Information," as used herein, means any information of any type, kind or character which is designated as "Confidential" by any of the supplying or receiving parties, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise.

3.     In designating information as "Confidential", a party will make such designation only as to the information that it in good faith believes contains confidential information. Information or material which is available to the public, including catalogues, advertising materials, and the like, shall not be "Confidential".

4.     "Qualified Persons," as used herein means:

    a.     Retained attorneys for the parties in this litigation and employees, staff or independent contractors of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

    b.     Actual or potential independent technical experts or consultants who have, prior to receiving any material protected as Confidential who, prior to any disclosure of such

material, have signed a document in the form attached as Exhibit A agreeing to be bound by the terms of this protective order, and such executed Exhibit A is shall be maintained by counsel and disclosed to all parties upon a showing to the Court of good cause for such disclosure

 c. The Court, and its staff, and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation, including private neutrals jointly retained by all parties, or by any one or combination of Defendants, Counter-Plaintiffs or Intervenor and any one or combination of the Plaintiffs or Counter-Defendants. "

 d. The party or one party representative (in cases where the party is a legal entity) who shall be designated in writing by the party prior to any disclosure of "Confidential" information to such person and who shall sign a document in the form attached as Exhibit A agreeing to be bound by the terms of this protective order and such designation and such executed Exhibit A is shall be maintained by counsel and disclosed to all parties upon a showing to the Court of good cause for such disclosure

 e. If this Court so elects, any other person may be designated or removed as a Qualified Person by order of this Court after notice and hearing to all parties.

4. Documents produced in this action may be designated by any party or parties as "Confidential" information by marking each page of the document(s) so designated with a stamp stating "Confidential".

In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

5. Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, contractors, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a party) may be designated by any party as "Confidential" information by indicating on the record at the deposition that the testimony is "Confidential" and is subject to the provisions of this Order.

Any party may also designate information disclosed at such deposition as "Confidential" by notifying all of the parties in writing within thirty (30) days of receipt of the transcript of the specific pages and lines of the transcript which should be treated as "Confidential" thereafter. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody or control. All deposition transcripts shall be treated as Confidential for a period of thirty (30) days after the receipt of the transcript.

6. "Confidential" information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons.

7. Documents previously produced shall be retroactively designated by notice in writing of the designated class of each document by Bates number within thirty (30) days of the entry of this order. Documents unintentionally produced without designation as "Confidential" may

be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party.

8.  If a receiving party learns of any unauthorized disclosure of Confidential information or information, the party shall immediately upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

9.  Nothing herein shall prevent disclosure beyond the terms of this order if each party designating the information as "Confidential" consents to such disclosure or, if the Court for good cause orders such disclosures. Nor shall anything herein prevent any counsel of record from utilizing "Confidential" information in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the "Confidential" information, irrespective of which party produced such information.

10.  A party shall not be obligated to challenge the propriety of a designation as "Confidential" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event any party to this litigation disagrees at any state of these proceedings with the designation by the designating party of any information as "Confidential" or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who has designated the document or information as "Confidential" or such person as a Qualified Person. The designating party shall be required to move the Court for an order preserving the designated status of such information within fourteen (14) days of receipt of the written objection, and failure to do so shall constitute a termination of the restricted status of such item or designation of such person.

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this Court modifying this Protective Order.

11.  At this point, the parties do not anticipate the need for higher levels of confidentiality so as to propose to the Court the categories of "For Counsel Only" or "Attorneys' Eyes Only" or any other more restrictive category of information. In the event a party believes that any information is subject to a level of confidentiality not provided in this order, the following shall apply: a) the producing party believing that a higher level of confidentiality that contained in this existing order shall produce the information to the parties in this litigation without using this provision as a cause for delay and designate on the face of that document or in a contemporaneous correspondence with counsel that such information is designated as "For Counsel Only Pending Court Resolution" or "Attorneys' Eyes Only Pending Court Resolution"; (ii) the receiving party or parties shall abide by the designation and limit disclosure of same to the Qualified Persons identified in Paragraph 4(a)-(c) pending resolution of any objections from any receiving party; (iii) within seven (7) days of receipt of the information contained in (i) and (ii) hereof, the affected parties shall meet and confer in good faith in an effort to resolve the dispute; (iv) in the event that the parties cannot reach agreement, the producing party shall within seven business (7) days of the end of the date prescribed in (iii) hereof, shall so move the Court for a higher level of

confidentiality; (v) the objecting party shall have (7) business days to respond; and (vi) the Court shall thereafter make a decision either on the papers or after notice to all parties and a hearing.

12. In the event that this Court orders that documents or information produced pursuant to Paragraph 11, the parties will negotiate and, if upon agreement, shall ask this Court to enter a modification to this Protective Order. Such negotiations shall be conducted and definitively resolved, or elevated to the Court for further dispute, within seven (7) days of the Court's decision.

13. Nothing shall be designated as "Confidential" information except information of the most sensitive nature which, if disclosed to persons of expertise in the area, would reveal significant technical or business advantages of the producing or designating party, and which includes as a major portion subject matter which is believed to be unknown to the opposing party or parties, or any of the employees of the corporate parties, or contains the personally identifiable information of any party that is otherwise protected and if released into the public domain would cause irreparable harm to that party, including the party's Social Security Number, bank account information, or other personal financial or family information of a sensitive nature that is currently kept confidential from public disclosure.  With respect to any technical or business information, no such information can be designated as "Confidential" if such information has previously disclosed to any local, state, or federal agency, governmental body or authority.

14. Nothing shall be regarded as "Confidential" if it is information that:

   a. at one time may have been, but is no longer, information of the most sensitive nature which, if at the time it was of the most sensitive nature and if, at the time disclosed to persons of expertise in the area, would reveal significant technical or business advantages of the producing or designating party, but no longer reveals such advantages – *e.g.,* abandoned or inchoate business plans, materials that now provide no technical or business advantage to any non-competing entity, were at one time but are no longer trade secrets, or relate to consummated transactions or engagements now concluded, or unconsummated transactions or engagements that are no longer actively in discussion or negotiation with any counterparty;

   b. is in the public domain at the time of disclosure, as evidenced by a written document;

   c. becomes part of the public domain through no fault of the other party, as evidenced by a written document;

   d. the receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or

   e. the receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

15. If a party wishes to include a document, or portions of a document marked as "Confidential" in a pleading or other paper to be filed with the Clerk, that party shall serve the pleading or other paper on opposing parties but shall not file it. Service alone shall

constitute filing for the purpose of any deadline under the Federal Rules of Civil Procedure. For seven (7) days following service, no party shall file the pleading or other paper with the Clerk except pursuant to a ruling on a motion for a Temporary Sealing Order under Rule 76a. Immediately thereafter, if no motion for a Temporary Sealing Order has been granted, the party who served the pleading or other paper shall file it unsealed with the Clerk. If a party wishes to offer a document, or portions of a document marked as "Confidential" into evidence, any party may, at the time the document is offered, move for a Temporary Sealing Order.

The Clerk of this Court is directed to maintain under seal all documents, transcripts of deposition testimony, and answers to interrogatories, admissions and other pleadings properly sealed in this litigation which have been designated, in whole or in part, as "Confidential" information by a party to this action.

16.    Within sixty (60) days after conclusion of this litigation and any appeal thereof, any document and all reproductions of documents produced by a party in the possession of any Qualified Person shall be returned to the producing party or the party in possession may send a written confirmation that all such information has been destroyed, except as this Court may otherwise order or to the extent such information was used as evidence at the trial. As far as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this litigation, except (a) there shall be no restriction on documents that are used as exhibits in Court, unless such exhibits were filed under seal, and (b) a party may seek either the written permission of the producing party or order of the Court with respect to dissolution or modification of such protective orders.

17.    This order shall not bar any attorney herein in the course of rendering advice to her or his client with respect to this litigation from conveying to any party client her or his evaluation in a general way of "Confidential" information produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with her or his client, the attorney shall not disclose the specific contents of any "Confidential" information produced by another party herein, which disclosure would be contrary to the terms of this Protective Order.

18.    Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

19.    Should any court, administrative agency, person or entity subpoena production of Confidential information from a Party who obtained such information under the terms of the Protective Order, such Party shall promptly notify the producing Party of the pendency of such subpoena before disclosing such information.

20.    If information subject to any claim of privilege, work product or any other ground for withholding production is inadvertently produced to another Party, such production will not prejudice or otherwise be a waiver of, or estoppel as to, any claim of privilege, work product or any other ground for withholding production to which the producing Party would otherwise be entitled. If a party inadvertently produces information called for in the foregoing and, upon discovering the inadvertent production, requests return of same, the receiving party or parties shall return such

information, destroy all copies and confirm same in writing to the producing party making the inadvertent production.

21.	The parties understand and anticipate that some or all parties to this dispute may be parties to a dispute in federal court that relates to claims under certain federal statutes and other laws and regulations. The parties hereto agree to that this Protective Order shall <u>not</u> be a basis upon which to refuse to withhold material in such federal court litigation where the adverse parties in that federal litigation any one or combination of Defendants, Counter-Plaintiffs or Intervenor and any one or combination of the Plaintiffs or Counter-Defendants.

22.	With respect to any experts retained by any party, discovery shall be subject to the limitations and exemptions in Fed. R. Civ. P. 26(b)(4)(B)-(D), which shall in addition to the provisions in this Paragraph, shall apply retroactively to materials generated, sent, or received after the anticipation of filing of this action.

23.	Nothing in this Agreement is intended to or shall prohibit any party or its retained counsel from making a good faith disclosure of any crimes or violations of laws or regulations, cooperating in connection with any local, state or federal agencies, or otherwise prevents any party from making accurate and truthful statements or disclosures in connection with same, or otherwise in any way preventing any party from providing truthful testimony if called upon to do so.

SIGNED this ___ day of _____, 2026.


_____
UNITED STATES DISTRICT JUDGE


**AGREED AS TO FORM AND SUBSTANCE:**


**GUERRERO & WHITTLE, PLLC**

By:  _/s/ Mary Whittle_____
Mark Guerrero
Texas Bar No. 24032377
Mary Whittle
Texas Bar No. 24033336
2905 San Gabriel St., Suite 309
Austin, TX 78705
(512) 605-2300 phone
(512) 222-5280 fax
mark@gwjustice.com
mary@gwjustice.com

**ATTORNEYS FOR PLAINTIFFS**


**JUSTIN R. SIMMONS**
**UNITED STATES ATTORNEY**

By:  */s/ Landon A. Wade (w/ permission)*
       Landon A. Wade
       Assistant U.S. Attorney
       903 San Jacinto Blvd., Ste 334
       Austin, Texas 78701
       (512) 370-1255 (phone)
       (512) 916-5854 (fax)
       landon.wade@usdoj.gov
       Darryl S. Vereen
       Assistant U.S. Attorney
       601 NW Loop 410, Suite 600
       San Antonio, Texas 78216
       (210) 384-7170 (phone)
       (210) 384-7358 (fax)
       darryl.vereen@usdoj.gov


**ATTORNEYS FOR DEFENDANT**